**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| CORY M. SCHON, MARTIN R. SCHON, | |
| Plaintiffs, | No. C13-4049-MWB |
| vs. | **INITIAL REVIEW ORDER** |
| JULIE SCHUMACHER, MEGHANN WHITMER, ASHLEY VOLKERT, LESLEY RYNELL, | |
| Defendants. | |

This matter is before the court on the plaintiffs' applications to proceed in forma pauperis (docket nos. 1 & 2). The plaintiffs filed their applications on May 28, 2013. Along with their applications to proceed in forma pauperis, the plaintiffs submitted a complaint under 42 U.S.C. § 1983 (docket no. 2-1).

## I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

A court may permit a party to proceed with litigation in forma pauperis, that is, "without prepayment of fees or security therefor," if the party submits an affidavit that shows the inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When ruling on a 28 U.S.C. § 1915(a)(1) application, three general principles apply. First, proceeding in forma pauperis in a civil case is a privilege or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an in forma pauperis application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118

L. Ed. 2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is discretionary). Third, the ability to pay does not require that plaintiffs contribute their "last dollar" or "make themselves and their dependents wholly destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948).

The court concludes that the plaintiffs' statements entitle them to in forma pauperis status. Stated differently, the court is satisfied that the plaintiffs' allegation of poverty is true. *See Lee*, 231 F.3d at 458-59 (stating a court must determine whether the "allegation of poverty is untrue" when it assesses the affidavit supporting an application to proceed in forma pauperis); *see also Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (concluding the requirements of 28 U.S.C. § 1915 were met because plaintiff received public assistance income of $222.00 per month, had checking account balance of less than $60.00, owned an automobile on which he owed $3600.00, and had other debts totaling $10,000.00); *cf. Marceaux v. Democratic Party*, 79 Fed. Appx. 185, 186, 2003 U.S. App. LEXIS 22312, 2003 WL 22455419 (6th Cir. 2003) (concluding the district court did not abuse its discretion when it determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items). Accordingly, the plaintiffs' applications to proceed in forma pauperis shall be granted. *See* 28 U.S.C. § 1915. The clerk's office shall be directed to file the plaintiffs' complaint without the prepayment of the filing fee.

Although it agrees that the granting of in forma pauperis status is appropriate in this case, the court finds that requiring the plaintiffs to submit partial payments or installment payments of the filing fee is permissible and desirable.

> The ordering of a partial payment or an installment payment
> for court fees fits within the [language of 28 U.S.C. § 1915.
> Subsection (a) of 28 U.S.C. § 1915] does not say that upon

2

> granting in forma pauper status, court fees need not be paid or that they are remitted or otherwise waived. Instead, [subsection (a)] merely authorizes commencement 'without prepayment' if the applicant 'is unable to pay such fees.' This conveys the sense that the court may authorize the filing of an action without prepayment and look to cash flow and assets in order to secure post-payment.[1]

*White ex rel. Diggs v. Barnhart*, 2002 U.S. Dist. LEXIS 14528, *5, 2002 WL 1760980 (M.D. N.C. 2002). The plaintiffs did not detail any of their expenses but made clear that they are employed. Consequently, the court deems it appropriate to collect partial payments or installment payments of the filing fee.

The court finds that the initial partial filing fee is $10.00. *Cf.* 28 U.S.C. § 1915(b)(1) (authorizing 20 percent of average monthly deposits to be collected). The plaintiffs shall be directed to submit an initial partial filing of $10.00 by no later than July 31, 2013. *Id.*; *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (ordering petition to be dismissed with prejudice if petitioner did not pay filing fee within fifteen days and clarifying that, even if the petition is dismissed, petitioner would still be assessed the filing fee because 28 U.S.C. § 1915 makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal); Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an

---

[1] Prior to the enactment of the [PLRA], courts had, in large part, determined that they had the discretion to require partial payment of the filing fees by prisoners. *Byran v. Johnson*, 821 F.2d 455 (7th Cir. 1987) (collecting cases). Partial payment was said to help ensure that prisoners had an economic incentive to police their own actions, just as the non-imprisoned public must do. This rationale applies to all members of the public, in all their diverse economic situations. . . . With the enactment of the [PLRA], Congress now requires partial payment of the filing fees by prisoners and has established a uniform collection methodology for both prepayment and post–payment of the fees. *See* 28 U.S.C. § 1915(b). There has been some thought that, if not constitutional law, then at least elementary fairness requires that all parties applying for [in forma pauperis] status be subject to possible partial payment of the filing fees, and not just prisoners. *See Byran*, 821 F.2d at 459 . . . .

order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). If necessary, the plaintiffs may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after they submit the initial partial filing fee, the plaintiffs shall be directed to submit monthly payments of $20.00 until the $350.00 filing fee is paid. *Cf.* 28 U.S.C. § 1915(b)(2) (authorizing 20 percent of monthly income to be collected). If necessary, the plaintiffs may ask the court to modify either the initial partial filing fee or the monthly payments. If they do so, the plaintiffs must complete and submit AO Form 239, which will provide the court with a better understanding of their expenses, cash flow and assets in order to secure post-payment of the filing fee. The clerk's office shall be directed to send AO Form 239 to the plaintiff.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III. ANALYSIS

#### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United

States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B. *Plaintiffs' Claims*

Given the facts that are alleged in the complaint, the court concludes that the plaintiffs' assertions do not give rise to a viable claim under 42 U.S.C. § 1983. The plaintiffs, as a parent and as a grandparent, are essentially challenging the denial of visitation with a child while State court proceedings are ongoing. Stated differently, the plaintiffs believe that a due process violation occurred as a result of the lack of evidence showing they should not be permitted visitation with a child or they failed to meet certain requirements to permit visitation with a child. The defendants, however, are either immune from suit because they allegedly violated the plaintiffs' constitutional rights in the course of State court proceedings or are unable to be sued under 42 U.S.C. § 1983.

A judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability. *See Pierson v. Ray*, 386 U.S. 547, 554-55 (1967); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997); *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996). Here, it is clear that Julie Schumacher performed as a judge. Accordingly, the plaintiffs' action against her shall be dismissed for failing to state a claim upon which relief can be granted.

Similarly, Meghann Whitmer and Ashley Volkert are entitled to absolute immunity. A prosecutor is immune from civil rights claims that are based on actions taken in the

performance of his or her prosecutorial duties. *See Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)); *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992). Here, it is clear that Meghann Whitmer presented the State's case and that her conduct is intimately associated with the judicial phase of the civil proceeding. As to Ashley Volkert, it is clear that the dissatisfaction of a parent or grandparent does not subject her to suit. Her role in State court proceedings is the functional equivalent of a prosecutor and, therefore, she is entitled to absolute immunity for her actions. *See Abdouch v. Burger*, 426 F.3d 982, 989 (8th Cir. 2005) (deciding that absolute immunity shielded the defendants from liability for initiating and maintaining judicial proceedings); *Thomason v. SCAN Volunteer Servs., Inc.*, 85 F.3d 1365, 1373 (8th Cir. 1996) (holding that absolute, not qualified immunity, applies where social workers are sued for initiating and presenting child protective proceedings). Accordingly, the plaintiffs' action against Meghann Whitmer and Ashley Volkert shall be dismissed for failing to state a claim upon which relief can be granted.

In addition, a private attorney, even when appointed by the court, ordinarily does not act under color of state law for purposes of filing an action under 42 U.S.C. § 1983, *see Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994), or as a federal agent for purposes of filing a *Bivens* action, *see Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984). Stated differently, a federal suit generally does not arise for actions that an attorney (privately retained, court-appointed or a public defender) takes during the course of representing a defendant. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Haley*, 751 F.2d at 285. Consequently, Lesley Rynell's purely private actions afford no basis for federal jurisdiction and the plaintiffs' claim that she unconstitutionally acted as a guardian ad litem must be dismissed for lack of subject matter jurisdiction. Accordingly, the action against

Lesley Rynell shall be dismissed for failing to state a claim upon which relief can be granted.

In light of the foregoing, the plaintiffs' complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED**:

(1) The plaintiffs' applications to proceed in forma pauperis status (docket nos. 1 & 2) are granted. The plaintiffs are directed to submit an initial partial filing of $10.00 by no later than July 31, 2013. If necessary, the plaintiffs may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after they submit the initial filing fee, the plaintiffs are directed to submit monthly payments of $20.00 until the $350.00 filing fee is paid. If necessary, the plaintiffs may ask the court to modify either the initial partial filing fee or the monthly payments. If they do so, the plaintiffs must complete and submit AO Form 239. The clerk's office is directed to send AO Form 239 to the plaintiffs.

(2) The clerk's office is directed to file the plaintiffs' complaint without the prepayment of the filing fee.

(3) The plaintiffs' 42 U.S.C. § 1983 action is dismissed pursuant to pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B).

**DATED** this 11th day of July, 2013.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA